UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD MILES,<br><br>       Plaintiff,<br><br>    v.<br><br>TRANSDEV NORTH AMERICA, INC., et al.,<br><br>       Defendants. | Case No. 25-cv-03924-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS COMPLAINT AND DENYING PETITION FOR REMAND**<br><br>Re: ECF Nos. 44, 49, 75 |

Before the Court are Defendant Transdev Services, Inc. ("Transdev") and Defendant Teamsters Local 853's ("Local 853") motions to dismiss.[1]  ECF Nos. 44, 49.  Also pending before the Court is also Miles' motion to remand.  ECF No. 75.[2]  The Court will grant the motions to dismiss and deny the motion to remand.

## I.     BACKGROUND

For purposes of the motions to dismiss, the Court accepts as true the following facts in the amended complaint.[3]  *Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1132 (N.D. Cal. 2023).

Plaintiff Reginald Miles was employed as a dispatcher/operator for Transdev North America as contractor to the San Francisco Municipal Transit Agency ("SFMTA").  ECF No. 40 ¶12.  His employment was subject to a collective bargaining agreement with Local 853.  *Id.* ¶12.  Miles was terminated on March 25, 2024 in retaliation for filing a grievance, which was "compounded by fraudulent union conduct."  *Id* . ¶¶ 1, 13.  On April 5, 2024, a Transdev

---

[1] Transdev Services, Inc. states that it has been erroneously sued as Transdev North America, Inc. ECF No. 44 at 2.  Transdev Services, Inc. is a wholly owned subsidary of Transdev North America.  ECF No. 3.

[2] The motion is denominated "Jurisdictional Strike and Petition for Immediate Remand."  *Id.*

[3] As discussed below, Miles also filed a declaration simultaneously with his complaint, attaching certain documents.  ECF No. 41.

United States District Court
Northern District of California

supervisor named Jacob responded to Miles's complaint by telling him to "take it [the dispute] to the union." *Id.* ¶ 16. On April 10, 2024, a union representative told Miles that his grievance would be taken to arbitration, but the grievance was later closed without his knowledge. *Id*. ¶ 17. Miles was notified of his termination by a letter dated April 13, 2024. ¶ 18.

Miles alleges that he prevailed in two administrative hearings where the "judges rejected Transdev's 'misconduct' claims." *Id.* ¶ 19. Apparently related to claims regarding the underlying termination, Miles alleges that Cheryl Johnson-Hartwell, an attorney for Transdev, "filed a fraudulent UCC Financing Statement with the California Secretary of State . . . improperly nam[ing] Plaintiff as debtor." *Id*. ¶¶ 13, 21. He alleges that this UCC Statement was filed to obstruct enforcement of his claims and interfere with the ongoing litigation. *Id.* ¶ 22. Miles also includes a declaration with his complaint where he reiterates the facts stated above and provides additional context. ECF No. 41.[4] Miles also claims that Local 853 entered a settlement with Transdev and reinstated his position without his knowledge or consent, leading to his second termination on May 31, 2024 for job abandonment. *Id*. ¶¶ 12–18. Miles also alleges that various non-defendant individual actors carried out the conduct that harmed him. *Id*. at 4–5.

Miles filed his original complaint in San Francisco Superior Court on April 2, 2025. ECF No. 1-1 ¶ 2. Transdev removed the case to this Court on May 5, 2025. ECF No. 1. Miles filed an amended complaint on June 4, 2025. ECF No. 15. Miles then moved for leave to file another amended complaint, which the Court granted on August 29, 2025. ECF No. 39. Miles filed his third amended complaint on September 17, 2025. ECF No. 40. He brings claims for violation of 42 U.S.C. § 1983 (First Amendment retaliation); violation of 42 U.S.C. § 1983 (procedural due process); wrongful termination in violation of public policy; breach of collective bargaining agreement; fraudulent misrepresentation; breach of the duty of fair representation; and abuse of process/fraudulent filing of financing statement, Cal. Comm. Code § 9509.

Transdev moved to dismiss the third amended complaint on October 1, 2025. ECF No. 44. Miles filed an opposition on October 3, 2025 and Transdev filed a reply to on October 9, 2025.

---

[4] The Court infers that Miles wishes this document to be considered as part of his complaint, and the parties' motions have taken that approach.

United States District Court
Northern District of California

ECF Nos. 45, 46.  Local 853 filed a motion to dismiss on October 10, 2025, which Miles opposed on October 14, 2025.  ECF Nos. 49, 58.  Miles filed a "Jurisdictional Strike and Petition for Immediate Remand" on December 24, 2025.  ECF No. 75.  Transdev opposed that motion on January 7, 2026.  ECF No. 76.  The Court took the motions under submission without a hearing.

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Dismissal under Federal Rule of Civil Procedure 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotation marks and citation omitted).  In determining whether a plaintiff has met this plausibility standard, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Insufficiency of service of process is grounds for dismissal of the action.  Fed. R. Civ. P. 12(b)(5).  When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  If the defendant has not been served within the time frame designated by Rule 4(m), the court "must dismiss the action without prejudice against that defendant or order that service be made within a

United States District Court
Northern District of California

3

specified time" unless the plaintiff can show good cause.  Fed. R. Civ. P. 4(m).

## III.    DISCUSSION

### A.    Local 853's Motion to Dismiss

#### 1.    Insufficient Process

Local 853 moves to dismiss the complaint, arguing that the Court lacks personal jurisdiction over it because Miles's service of process was insufficient.  ECF No. 49.  Local 853 argues that Miles failed to obtain a summons from the Clerk's Office after it was named as a defendant for the first time in the Second Amended Complaint.  ECF No. 49 at 8.  Local 853 continues that it was only mailed the Third Amended Complaint, but without a summons.  *Id*.  In his opposition, Miles states that the Court has personal jurisdiction over Local 853 because it is headquartered in Oakland, California, and therefore subject to personal jurisdiction in this Court; that Local 853 voluntarily appeared in the action; and that it waived any objection to insufficient service by appearing in the action and "litigat[ing] on the merits."  ECF No. 58 at 2.

Rule 4(b) of the Federal Rules of Civil Procedure requires that on or immediately after filing a complaint, a plaintiff must "present a summons to the clerk for signature and seal.  If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.  A summons … must be issued for each defendant to be served."  Fed. R. Civ. P. 4(b).  "When a defendant challenges the sufficiency of service, the plaintiff bears the burden of proving that service was valid."  *Gonzalez v. DDR Partners, Inc.*, No. C 08-03814 JW, 2009 WL 10695747, at *1 (N.D. Cal. Jan. 14, 2009) (citing *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)).  While motions to dismiss under 12(b)(4) are typically disfavored, "'failure to serve defendant with a signed and sealed summons,' however, 'cannot be regarded as a mere oversight that warrants perfunctory amendment' of process and is grounds for dismissal."  *Clancy v. Allstate Ins. Co.*, No. 20-CV-08668-BLF, 2021 WL 3861421, at *1 (N.D. Cal. Aug. 30, 2021) (quoting *United States v. Nat'l Mfg., Inc.*, 125 F.R.D. 453, 455 (N.D. Ohio 1989)).

Local 853 correctly argues that the Court lacks personal jurisdiction over a defendant who has not been served properly.  *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  The docket shows that Miles failed to request a summons for Local 853

United States District Court
Northern District of California

4

after naming it as a defendant for the first time in the Second Amended Complaint. Nor does Miles dispute that he failed to obtain a summons as to the Third Amended Complaint. ECF No. 40 at 2, fn. 1. Mailing a copy of a complaint without a summons is grounds for dismissal for insufficient process. *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006).

Miles's assertion that Local 853 has waived any objection to service by filing a motion to dismiss is incorrect. A party which moves to dismiss on insufficiency of service grounds does not waive that objection by also moving to dismiss on substantive grounds. *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. 16-CV-04502-BRO(MRWX), 2016 WL 7479373, at *5 (C.D. Cal. Sept. 8, 2016); *see also Wright v. Yackley*, 459 F.2d 287, 291 (9th Cir. 1972) (defense of lack of jurisdiction not waived where defendant "raised all his Rule 12 defenses in a single motion to dismiss").

Accordingly, the Court grants Local 853's motion to dismiss for insufficient process. Dismissal is without prejudice.

### 2.    Statute of Limitations

In addition to moving for dismissal based on insufficient process, Local 853 also moves to dismiss Miles's claim for breach of the duty of fair representation as untimely. ECF No. 49 at 10-13.

A claim for breach of duty of fair representation is governed by a six-month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983). Miles was terminated on April 13, 2024; subsequently reinstated; and finally terminated for job abandonment on May 31, 2024. ECF No. 41 ¶¶ 4, 8, 11. He filed his original complaint on April 2, 2025, well outside the statute of limitations. ECF No. 1-1 at 4. Miles responds that "[t]he statute runs only from the date of the Union's final, unequivocal refusal" and "[b]ecause Defendant continued withholding grievance information and obstructing internal remedies through 2025, the limitations period is tolled." ECF No. 58 at 2.

The doctrine of fraudulent concealment does not help Miles in this case. "A plaintiff relying on this doctrine to toll the limitations period must show 'both that the defendant used fraudulent means to keep the plaintiff unaware of his cause of action, and also that the plaintiff

United States District Court
Northern District of California

was, in fact, ignorant of the existence of his cause of action.'" *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1048 (9th Cir. 2020) (citing *Wood*, 705 F.2d at 1521. "The doctrine does not apply if the plaintiff had actual or constructive knowledge of the facts giving rise to the claim." *Id.* (citing *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012)). "The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to the discovery of the fraud." *Id.* (citation omitted). Here, although Miles claims he did not receive certain documents related to his grievance proceeding, he acknowledges receiving a May 20, 2024 document (which he submits with his complaint) stating the terms of the May 16, 2024 grievance process he objected to, ECF No. 41 at 16, and knowing that Transdev issued a termination notice for job abandonment on May 31, 2024, ECF No. 41 ¶ 16. This information was sufficient at least to put Miles on constructive knowledge, if not actual knowledge of the elements of his claim for breach of the duty of fair representation.

The Court grants Local 853's motion to dismiss Miles's sixth claim for breach of the duty of fair representation. While the Court is skeptical that Miles can provide additional facts in support of that claim, the Court will grant him one opportunity to amend.

### 3.    Remaining Claims

Local 853 moves to dismiss Miles's state law claims against it on the ground that those claims are subsumed into his claim for breach of the duty of fair representation and his federal claims are preempted by the doctrine set forth in *San Diego Bldg. Trades Council, Millmen's Union, Loc. 2020 v. Garmon*, 359 U.S. 236, 244–45 (1959). See also *Moreno v. UtiliQuest, LLC*, 29 F.4th 567, 573 (9th Cir. 2022) (under *Garmon* preemption, claims under "laws that regulate conduct that is either protected or prohibited by the NLRA" are implicitly preempted). Miles does not respond to Local 853's preemption arguments and thereby concedes them. *Rojas v. Mullin*, No. ED CV 26-1437 FMO (MAA), 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026).

Accordingly, the Court dismisses Miles's claims other than for breach of the duty of fair representation. The Court does not reach Local 853's preemption arguments on the merits. Claim Seven is dismissed for the additional reason that Miles does not allege that Local 853 took any

United States District Court
Northern District of California

action that could support this claim against it.

Because Miles has not shown how amendment could cure the deficiencies in these claims, or even responded to Local 853's arguments, dismissal is with prejudice.

**B.      Transdev's Motion to Dismiss**

Transdev moves to dismiss the complaint under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. The Court finds that claims one through five should be dismissed for failure to meet the pleading standards under Rule 8. The Court will also dismiss claim seven for failure to state a claim under Rule 12(b)(6).

**1.      Claims One through Five**

Transdev first argues that the third amended complaint lacks sufficient information about Miles's claims to allow it to adequately defend itself. ECF No. 44 at 9. It notes that the complaint is unclear as to which claims are asserted against which Defendants for the first through fifth causes of action. ECF No. 44 at 9. It contends that "[t]he causes of actions themselves are virtually devoid of any allegations" and that "Transdev is still working with a void of information and is having to guess at what Plaintiff is asserting for the basis for his lawsuit." *Id.* Miles responds that he has clearly set out the "dates, actors, adverse actions (termination, disputed reinstatement, second termination), protected activity (grievances/complaints), union conduct, and the subsequent UCC filing" in his declaration, rendering his complaint adequate. ECF No. 45 at 3.

The Court agrees with Transdev that the Third Amended Complaint is deficient under Rule 8(a)(2) of the Federal Rules of Civil Procedure. Counts One through Five are not alleged against any defendant in particular. The complaint makes barebones allegations that are difficult to parse. The body of the complaint describes a litany of unconnected events, followed by a bare-bones list of causes of action with little or no supporting detail. For example, Miles's second cause of action for procedural due process (42 U.S.C. § 1983), and the only statements in support of that claim are "Plaintiff had a property interest in continued employment and a liberty interest in reputation" and "Defendants deprived Plaintiff of these interests without notice or a hearing." Miles provides extensive evidence that his concerns regarding his employment were submitted to a grievance proceeding at which he was allowed to tell his side of the story. See ECF No. 41; ECF No. 33 at

United States District Court
Northern District of California

7

104, 107, 108.  It is unclear what hearing or process Miles believes he did not receive.  This lack of detail compounds the prejudice to defendants of not knowing who is allegedly responsible for what.

"Courts in this circuit have held that a complaint fails to state a claim and must be dismissed if it does not indicate which individual defendant or defendants are responsible for which alleged wrongful act." *Parity Networks, LLC v. Moxa Inc.*, No. SACV20698JVSKESX, 2020 WL 6064636, at \*3 (C.D. Cal. Sept. 11, 2020) (internal citations and quotations omitted); *see also Currier v. Chow*, 2005 WL 2989425, at \*2 (N.D. Cal. Nov. 3, 2005) ("In practical terms, the requirements of Rule 8 ensure that a defendant will be able to respond to the allegations against him.").  When, as here, a "complaint fails to state a claim [because] plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act," the Court must dismiss the claims under Rule 8 because a defendant "should not be required to guess which allegations pertain to it."  *Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011 WL 1740099, at \*4 (N.D. Cal. May 5, 2011).  Therefore, the Court will dismiss claims one through five.  Pleadings that do not specify which Defendant is liable for which act leaves defendants at risk "that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected."  *Remington v. Mathson*, No. 17-CV-02007-JST, 2017 WL 6044046, at \*3 (N.D. Cal. Nov. 20, 2017), *aff'd*, 804 F. App'x 783 (9th Cir. 2020) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)).

The Court will dismiss Miles's first through fifth causes of action.

### 2. Claim Seven

Transdev moves to dismiss Miles's the seventh cause of action for "fraudulent filing of financing statement/abuse of process" because it was filed without leave of court and because it fails to state a claim under Rule 12(b)(6).

The claim is dismissed on the first ground.  When the Court granted leave to file a third amended complaint, it did so on the express understanding that "[t]he proposed third amended complaint would not add any new parties or present any new legal theories," as Miles represented.

8

ECF No. 39 at 2.

The claim is also dismissed on the second ground. "The two fundamental elements of the tort of abuse of process are 'first, an ulterior purpose, and second, a willful act in the use of the process not proper in the regular conduct of the proceeding.'" *Microsoft Corp. v. A-Tech Corp.*, 855 F. Supp. 308, 311 (C.D. Cal. 1994) (quoting *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.,* 42 Cal.3d 1157, 1168 (1986)). "Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Blue Goose Growers, Inc. v. Yuma Groves, Inc.*, 641 F.2d 695, 696–97 (9th Cir. 1981) (citation and quotation omitted). "The tort requires some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process . . . . There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort." *Davinci Aircraft, Inc. v. United States*, No. 2:16-CV-05864-CAS(JCX), 2017 WL 1520418, at *4 (C.D. Cal. Apr. 25, 2017) (quotation omitted), *aff'd and remanded*, 926 F.3d 1117 (9th Cir. 2019). "Courts have made clear that the 'mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action.'" *Microsoft Corp.*, 855 F. Supp. at 311 (quoting *Oren,* 42 Cal.3d at 1169)).

Here, Miles does not allege any "definite act or threat not authorized by the process." He alleges only that Transdev[5] "caused a fraudulent UCC Financing Statement to be filed with the California Secretary of State . . . , naming Plaintiff as debtor and filed behind Plaintiff's perfected secured interest. [¶] This filing was made knowingly, maliciously, and without legal justification." ECF No. 40 ¶¶ 44, 45. The mere filing of a UCC statement, by itself, is insufficient to support this claim. *Cf. Oren*, 42 Cal. 3d at 1169 (holding that "the mere filing or maintenance

---

[5] Miles also identifies attorney Cheryl Johnson-Hartwell and the law firm of Burke, Williams & Sorensen as having been involved in this filing, ECF No. 40 at 6, but they are not named as defendants, *id.* at 2.

United States District Court
Northern District of California

of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action").

Transdev also argues that the filings in question cannot support an abuse of process claim because there was nothing malicious or improper about them. It contends that Miles filed a UCC Financing with the California Secretary of State on February 18, 2025, in which he states that he is a creditor for Transdev as a debtor for his "secured" claim (referring to this lawsuit). ECF 44-4. Transdev then filed an information statement with the UCC on July 28, 2025 in response to Miles's filing, merely providing public notice that Miles does not possess a legitimate secured interest. ECF No. 44-5. Transdev included with its motion the UCC filings that were identified in Miles' complaint and asks the Court to consider them.

"As a general rule, [courts] 'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). "When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56," unless those matters satisfy the "incorporation-by-reference doctrine" or the standard for "judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (quoting Fed. R. Civ. P. 12(d)). However, documents "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), and "the documents' authenticity . . . is not contested," *Lee*, 250 F.3d at 688. When a document that is incorporated by reference in the complaint contradicts factual allegation made in the complaint, the Court need not accept those allegation as true. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) ("[W]e need not accept as true allegations contradicting documents that are referenced in the complaint."). The Court will incorporate the UCC statements at ECF Nos. 44-4 and 44-5 by reference because the complaint repeatedly references these filings and because these documents form the basis of Miles's abuse of process claim. *Khoja*, 899 F.3d at 1002.

The UCC financing statements make clear that there is no basis for Miles's claim. He

10

claims that Transdev filed a false UCC statement to interfere with the instant litigation. In fact, Miles filed a UCC statement on February 18, 2025, purporting to be a secured party with a security interest against Transdev for $1,000,000. ECF No. 44-4. Transdev then filed an information statement on July 28, 2025 providing notice in the public record that Miles does not maintain a secured interest. ECF No. 44-5. There was nothing fraudulent or abusive about Transdev's conduct, and the claim will be dismissed. Because amendment would be futile, dismissal is with prejudice.

### C.    Remand Petition

Miles has also filed a "Jurisdictional Strike and Petition for Immediate Remand." ECF No. 75. The document was not filed as a noticed motion pursuant to Civil Local Rule 7-2 and is denied on that ground.

The Court will also deny the motion on the merits. This case was removed on May 5, 2025. ECF No. 1. Miles filed his petition on December 24, 2025. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447. "Section 1447(c) reflects the unique stringency that applies to jurisdictional rules, which 'cannot be waived or forfeited.'" *Enbridge Energy, LP v. Nessel on behalf of Michigan*, 146 S. Ct. 1074, 1086 (2026) (quoting *Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203 (2022)). Because Miles filed his motion for remand more than seven months after removal, the motion was untimely.

### CONCLUSION

For the foregoing reasons, the Court grants both motions to dismiss and denies the remand petition.

Miles's claim against Local 853 for breach of the duty of representation is dismissed with leave to amend. His remaining claims against Local 853 are dismissed with prejudice. Claim Six is dismissed with prejudice as to Transdev because no allegations are made against it and it has no duty to Miles. Claim Seven against Transdev is dismissed with prejudice. Miles's remaining claims against Transdev are dismissed without prejudice. Miles's motion for remand is denied.

United States District Court
Northern District of California

11

Miles may file an amended complaint within 21 days of this order solely to cure the deficiencies identified by this order.  If Miles files an amended complaint, he shall properly serve all the defendants named in that complaint within 30 days of filing the complaint.  If Miles seeks to maintain Local 853 as a Defendant, he must also serve summons upon them along with the amended complaint.

**IT IS SO ORDERED.**

Dated:  July 13, 2026



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

12